Case 1:25-cv-00370   Document 9   Filed 02/27/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
February 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BENJAMIN CIFUENTES PARADA, | § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 1:25-CV-370 |
| FRANCISCO VENEGAS, *et al.*, | § § § | |
| Respondents. | § | |

# **ORDER**

Petitioner Benjamin Cifuentes Parada is currently detained by Immigration and Customs Enforcement at the El Valle Detention Facility in Willacy County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). Petitioner also challenges Respondents' ability to detain him without revoking or otherwise setting aside the conditions of his previous release. Petitioner bases his habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, and on the Due Process Clause of the Fifth Amendment.

On February 6, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), which foreclosed Petitioner's statutory arguments.

Petitioner contends that *Buenrostro* did not address whether his detention under Section 1225(b)(2)(A) without an opportunity to seek bond violates his Fifth Amendment due process rights. (Response, Doc. 7) Petitioner also alleges a violation of his constitutional rights on the grounds that Respondents have detained him despite his removal proceedings being administratively closed over a decade ago and remaining closed. (*Id*. at 4)

I.

As to Petitioner's argument that his continued detention under Section 1225(b)(2)(A)–i.e., without an opportunity to seek an individualized bond hearing–violates his Fifth Amendment due process rights, the Court finds the argument unpersuasive.[1]

Other courts have considered arguments substantively similar to those that Petitioner advances. *See, e.g., Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[2] For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

II.

Petitioner contends that his ongoing detention also violates his due process rights because he is being held despite his immigration proceedings being administratively closed.

---

[1] Petitioner contends that this Court previously resolved his due process argument in his favor. (*See* Resp., Doc. 7, 2 (citing *Shi v. Lyons*, Case No. 1:25-cv-275, 2025 WL 3637288 (S.D. Tex. Dec. 12, 2025)) In that decision, however, the Court explained only that detaining an individual without affording the individual the "statutorily-required right to request a bond" would violate the individual's constitutional rights. The *Buenrostro* decision established that aliens such as Petitioner do not possess the referenced statutory right to a bond hearing. This Court in *Shi* did not reach whether the Constitution required procedural protections beyond any that Section 1225(b)(2)(A) provides.

[2] While recognizing that other district courts have reached a contrary conclusion on this issue–s*ee, e.g., Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

To facilitate the Court's consideration of this claim, it is:

**ORDERED** that by no later than March 20, 2026, Respondents shall file a brief identifying any efforts by Respondents to re-open the removal proceedings and responding to Petitioner's argument that detaining him while his removal proceedings remain administratively closed violates his due process rights under the Fifth Amendment.

Signed on February 27, 2026.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge